Argued February 9, affirmed with directions March .26, 1970

BLAKELY, BREASAW, CHAPMAN, COMSTOCK, CURNOW, EDGAR, FOSTER, Jr., GROVER, HAMMOND, HENDERSON, HENDERSON, HOWELL, KERLEE, LANDON, MARKHAM, NEWMAN, SOUTHARD, STEWART, WHITE, *Respondents, v.* CUPP, *Appellant.*

BRODERICK, OFFICER, MILLER, NORDAHL, TERRY, WOODHOUSE, *Respondents, v.* REED, *Appellant.*

467 P2d 138

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for appellants. With him on the briefs was Lee Johnson, Attorney General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondents.

SCHWAB, C. J.

Petitioners are 28 individuals who have been convicted of the crime of contributing to the delinquency of a minor. ORS 167.210. Twenty-five have petitioned for post-conviction relief, ORS 138.510 et seq, on the ground that the portion of the statute under which they were convicted, ORS 167.210, was declared unconstitutional by the Supreme Court in *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969).

The other three petitioners were convicted under a different portion of ORS 167.210. These three contend that they are entitled to the same relief because the reasoning in *Hodges* which led to the declaration of unconstitutionality as to one portion of the questioned statute applies with equal force to the portion under which they were convicted. Most of the cases were consolidated for trial and in all of them the post-conviction court granted relief by overruling demurrers to the petitions. The orders overruling the

demurrers in effect held that the petitioners were entitled to post-conviction relief by way of having the judgments of conviction set aside. The state appeals from these orders and all of these appeals have been consolidated before this court.

Records disclose that some of these petitioners are presently imprisoned, some are presently on parole, some are presently on work release programs, and some have been released from custody.

By this opinion we dispose of the cases of the 25 who were convicted under the portion of ORS 167.210 which was specifically declared unconstitutional in *Hodges*. The specific acts which led to the conviction of the majority of these 25 were the "fondling or manipulation of private parts." Perhaps out of a concern with the constitutionality of portions of ORS 167.210, the 1969 Legislative Assembly by Oregon Laws 1969, ch. 655, made such acts a separate crime and provided the same penalties as are provided under ORS 167.210. The contentions of the remaining three petitioners are dealt with by separate opinion. See *Coon v. Cupp*; 2 Or App 114, 467 P2d 140, decided this date.

The state concedes that the petitioners were convicted under an unconstitutional statute. The sole question presented on the appeals we here deal with is whether we are required to give post-conviction relief to those persons who were convicted under the portion of ORS 167.210 which *Hodges* tells us is unconstitutional, and whose rights of appeal were exhausted prior to the *Hodges* decision. The state, although supplying no direct authority for its position, argues that we are not required by either the federal or the state constitution to give retroactive effect to

*Hodges.* This argument would warrant serious consideration if it were not for the legislative mandate contained in ORS 138.530(1)(d) which provides:

> "Post-conviction relief * * * shall be granted * * * when one or more of the following grounds is established by the petitioner:
>
> "* * * * *
>
> "Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

■■ Courts have the power to refuse to sanction the criminal conviction of an individual if the particular legislative provision requiring conviction is in violaton of the state or federal constitutions. Courts do not have the power to convict or perpetuate the conviction of a man against the express command of the legislature. The legislature by the statute quoted above specifically commands us to set aside the convictions in question. It does not follow that we must therefore order the outright release of all the petitioners.

The records before us indicate that many of the petitioners committed offenses which were triable under other statutes whose constitutionality is unchallenged, some of them carrying maximum penalties substantially greater than the maximum penalty provided for by the unconstitutional statute under which they were convicted.

Affirmed with directions that each of these causes be remanded to the trial court of original jurisdiction with directions as to each individual petitioner that his case be referred to the grand jury in the event the prosecution deems it proper to proceed under another statute, or that he be discharged.

Affirmed with directions.