Argued February 9, affirmed with directions March 26, 1970

## COON, *Respondent, v.* CUPP, *Appellant.*
## COUSINS, YATES, *Respondents, v.*
## REED, *Appellant.*
### 467 P2d 140

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for appellants. With him on the briefs was Lee Johnson, Attorney General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondents.

SCHWAB, C. J.

Petitioners were convicted of the crime of contributing to the delinquency of a minor. ORS 167.210. Their rights of appeal were exhausted prior to the date of *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969), which declared a portion of ORS 167.210 unconstitutionally vague. ORS 167.210 reads:

> "When a child is a delinquent child as defined by any statute of this state, [1] any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, [2] or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, [3] or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction * * *."

In post-conviction proceedings they contend that they are entitled to relief because the reasoning in *Hodges* which led to the declaration of unconstitutionality of the third provision of the questioned statute applies with equal force to the first provision under which they were convicted. The post-conviction court granted the relief sought and the state appeals.

■■ The thrust of the *Hodges* decision is that the causes of delinquency are so broad and so uncertain that a statute which attempts to proscribe otherwise undefined behavior by language so all-encompassing as "any act which manifestly tends to cause [delinquency]" is unconstitutionally vague.

We cannot discern a rational difference between the specificity of "encouraging, causing or contributing," and "manifestly tends to cause." The trial court correctly found that the holding in *Hodges* necessarily

declares unconstitutional that portion of ORS 167.210 defining as crime "any act encouraging, causing or contributing to the delinquency of such child." These convictions are not "saved" by the fact that they were final prior to the date of the *Hodges* opinion. See *Blakely et al v. Cupp,* 2 Or App 110, 467 P2d 138, decided this date.

We are not here considering or deciding the constitutionality of the second provision of ORS 167.210 because that question is not before us.

Affirmed with directions that each of these causes be remanded to the trial court of original jurisdiction with directions as to each individual petitioner that his case be referred to the grand jury in the event the prosecution deems it proper to proceed under another statute, or that he be discharged.

Affirmed with **directions.**