Argued April 25, reversed and remanded June 20, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## MICHAEL LEROY HAMMOND, *Appellant.*
(Nos. 83939, 83941, 83942, CA 9608, 9609, 9610)
(Cases consolidated)
580 P2d 556

David S. Kosterlitz, Certified Law Student, Eugene, argued the cause for appellant. With him on the brief was William E. Simons, Lane County Legal Aid Service, Eugene.

[ 893 ]

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant brought these three consolidated proceedings seeking to have his criminal and arrest records expunged pursuant to ORS 137.225.[1] He appeals from the denial by the circuit court of his motion for relief. We conclude that the circuit court erred in denying relief.

The sequence of events is as follows:

In 1967 defendant was charged in three indictments with violations of former ORS 167.210[2] by

---

[1] ORS 137.225(1) and (5) provides:

"(1) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction.

"* * * * *

"(5) The provisions of subsection (1) of this section apply to a conviction of:

"(a) A Class C felony.

"(b) The crime of possession of the narcotic drug marijuana when that crime was punishable as a felony only.

"(c) A crime punishable as either a felony or a misdemeanor, in the discretion of the court.

"(d) A misdemeanor, including a violation of a municipal ordinance, for which a jail sentence may be imposed.

"(e) A violation described in ORS 167.207, 167.217 or 167.222.

"(f) An offense committed before January 1, 1972, which if committed after that date would be:

"(A) A Class C felony.

"(B) A crime punishable as either a felony or a misdemeanor, in the discretion of the court.

"(C) A misdemeanor.

"(D) A violation."

[2] Former ORS 167.210 provides:

"When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction by a fine of not more than $1,000, or by

"wilfully and lewdly fondl[ing] and manipulat[ing] the private parts" of three named victims who were 12 years old or younger. He pleaded guilty to all three charges and was sentenced to five years in the penitentiary on one charge and imposition of sentence was suspended on the other two.

On July 24, 1969, ORS 167.210 was declared unconstitutional in *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969). In *Blakely v. Cupp*, 2 Or App 110, 467 P2d 138 (1970), this court affirmed orders granting post-conviction relief to defendant and other persons incarcerated under ORS 167.210. This court ordered that defendant and others be either discharged or charged with another crime if the facts warranted it.

On May 19, 1977, defendant moved the Lane County Circuit Court for an order setting aside his three convictions and expunging his records. A hearing was held on October 26, 1977, and on October 31, 1977, the circuit court set aside the convictions but refused to expunge the records.[3] The trial court concluded that (1) inasmuch as defendant's conviction had been set aside pursuant to *Blakely v. Cupp, supra* (granting post-conviction relief to persons convicted under former ORS 167.210 which was declared unconstitutional in *State v. Hodges, supra*), there was no valid conviction to be expunged under ORS 137.225; and (2) defendant's conduct as alleged in the indictment did not constitute an offense subject to expunction under ORS 137.225.

---

imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years."

[3]There is a question raised by defendant as to whether ORS 137.225 (prior to amendment), which was in effect when he filed his motion, or the 1977 amended version of ORS 137.225, which was in effect on the date of the hearing, applies to his case. The circuit court applied the current version which is quoted in footnote one. As will be shown, we conclude that under either version the result is the same.

[ 896 ]

# I

The state argues first, that since the circuit court ordered defendant's conviction "cancelled, annulled, revoked, voided, set aside, held for naught, and held to be of no force or effect," there is no conviction capable of being expunged under ORS 137.225.

This reasoning misses the point of ORS 137.225.[4] That statute is intended to clear the record of those persons convicted of any of the enumerated offenses who have demonstrated their ability to be responsible citizens. It thereby removes a cloud from the efforts of those persons to find employment and social acceptance, and otherwise bury the past.

Here defendant was convicted of three crimes and those convictions remain upon his records despite the fact that they were subsequently set aside. ORS 137.225 makes no distinction between valid convictions and those that are subsequently declared invalid. Insofar as expunction is concerned, a conviction, whether valid or invalid, comes within the purview of ORS 137.225.

# II

The state's second argument is that under ORS 137.225(5)(f) the crime for which defendant was convicted in 1967 must be shown to be a crime under our present criminal code. In other words, the state claims that ORS 137.225(5)(f) provides the only enumeration of crimes subject to expunction for convictions occurring prior to January 1, 1972. We disagree.[5]

The provisions of ORS 137.225(5)(a) to (e) apply to all crimes committed before or after September 9, 1971. ORS 137.225(7). Subparagraph (f) applies to

---

[4]The converse of the state's argument is just as reasonable: if there was a conviction to set aside, there was a conviction capable of being expunged.

[5]Even if the state's argument were correct, it would reach the absurd result that defendant's crime which could have been treated as a felony or misdemeanor in 1967 is not capable of expunction now because it no longer is a crime.

those crimes committed before the enactment of the present criminal code, that do not fit within subparagraphs (a) through (e). *Cf., State v. Thompson,* 20 Or App 61, 530 P2d 532 (1975). For example, if a crime that was a felony in 1969 may now be treated as either a felony or misdemeanor, *see, State v. Thompson, supra,* it would be expungeable under ORS 137.225(5)(f).

ORS 137.225(5)(c) provides that any conviction of a crime that in the discretion of the trial court could be treated as a felony or a misdemeanor is expungeable.[6] Former ORS 167.210 was punishable by a term in the penitentiary not exceeding five years or by a fine and/or imprisonment in a county jail. Therefore the trial court was vested with the discretion to treat the crime as a felony or misdemeanor. *See,* former ORS 161.030.

Reversed and remanded.

---

[6]ORS 137.225, prior to amendment in 1977, included the same provision. Therefore the argument advanced here applies with equal force to that statute.