Argued July 20, affirmed September 6, reconsideration denied
September 27, 1978, petition for review denied January 23, 1979,
285 Or 73

STATE OF OREGON, *Respondent,*

*v.*

EDD SCOTT, *Appellant.*

(No. 78-02, CA 10777)

583 P2d 1156

Tyler Marshall, Portland, argued the cause for appellant. With him on the brief was Bouneff, Muller & Marshall, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

THORNTON, P. J.

**THORNTON, P. J.**

Defendant was charged with custodial interference in the second degree. ORS 163.245.[1] At trial he demurred to the complaint on the ground that it did not contain an allegation that the person enticed was under the age of 16. The trial court overruled the demurrer and defendant was convicted.

The only issue on appeal is whether ORS 163.245(1) should be construed to mean that a person 16 years or older, and not suffering from any physical or mental disability, can be "enticed" within the meaning of ORS 163.245.

Defendant argues that the word "entice" is meaningless in the statute because no specific age is given in ORS 163.245. Therefore, defendant argues the definition of "without consent" given in ORS 163.215(1)[2] is controlling.

The construction of ORS 163.245 proposed by defendant is untenable. The statute does not specify any age limit nor does it make any sense to imply one. The custodial interference statutes are intended to protect the legal custodian's right to custody. *See, State v. Hammond,* 34 Or App 893, 580 P2d 556 (1978). This purpose is not furthered by reading language into the

---

[1] ORS 163.245 provides:

"(1) A person commits the crime of custodial interference in the second degree if, knowing or having reason to know that he has no legal right to do so, he takes, entices or keeps a person from his lawful custodian with intent to hold him permanently or for a protracted period.

"(2) Custodial interference in the second degree is a Class A misdemeanor."

[2] ORS 163.215(1) provides:

"As used in ORS 163.215 to 163.257, unless the context requires otherwise:

"(1) 'Without consent' means that the taking or confinement is accomplished by force, threat or deception, or, in the case of a person under 16 years of age or who is otherwise incapable of giving consent, that the taking or confinement is accomplished without the consent of his lawful custodian."

[ 17 ]

statute making it per se impossible to "entice" someone 16 years of age or older.

Defendant's reliance on ORS 163.215(1) is misplaced. The only applicable statute in which the phrase "without consent" appears is ORS 163.225, kidnapping in the second degree. There the victim of the crime is the person taken; so consent is important.

■ Next, defendant argues that ORS 163.245 is defective because it imposes strict liability upon a defendant who aids a person voluntarily availing himself of another's services or assistance in fleeing from his custodian. It does not impose such liability. The statute requires enticement and the intent to hold someone from his lawful custodian permanently or for a protracted period.

Affirmed.