Argued and submitted January 16, affirmed March 6, petition for review denied June 25, 1996 (323 Or 484)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT W. COWLING,
*Appellant.*

(18-461, 18-531; CA A87779, A87780)

912 P2d 428

Gail L. Meyer argued the cause for appellant. With her on the brief was Ransom, Blackman & Weil.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals from an order denying his motions to set aside the records of a conviction and an arrest in 1978. ORS 137.225. We affirm.

In 1978, defendant was arrested for possession of a controlled substance and attempted burglary. He pleaded guilty to the possession charge. The trial court dismissed the burglary charge and placed defendant on probation for three years. In 1981, defendant was arrested on a charge of second degree burglary. As a result, his 1978 probation was revoked and the court sentenced him to five years in prison for possession of a controlled substance. Defendant pleaded guilty to the 1981 burglary charge and was sentenced to five years in prison, to run concurrently with the sentence on the possession conviction.

In January 1995, defendant filed motions to set aside the 1978 conviction for possession of a controlled substance and the 1978 arrest for attempted burglary. The trial court denied the motions, ruling that defendant did not qualify to have his 1978 conviction and arrest set aside, because of the 1981 conviction. ORS 137.225(3).

On appeal, defendant contends that, under ORS 137.225(6)(b), the trial court erred when it denied his motions to set aside his 1978 conviction and arrest, because the second conviction occurred more than 10 years before he filed the motions to set aside. He argues that he is entitled to have his 1978 conviction and arrest set aside, because he had remained conviction free for more than 10 years before filing his motions. The state responds that ORS 137.225(3) permits the trial court to consider a second conviction, regardless of when it occurred, in determining whether "circumstances and behavior" justify setting aside the conviction.

ORS 137.225 provides, in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court * * * by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction; or

"(b) At any time after the lapse of one year from the date of any arrest, if no accusatory instrument was filed, or at any time after an acquittal or a dismissal of the charge, the arrested person may apply to the court which would have jurisdiction over the crime for which the person was arrested, for entry of an order setting aside the record of such arrest. * * *

"* * * * *

"(3) Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. * * * [I]f the court determines that *the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest* as the case may be, to the date of the hearing on the motion warrant setting aside the conviction, or the arrest record as the case may be, it shall enter an appropriate order[.] * * *

"* * * * *

"(6) * * * [T]he provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b) A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicles violations * * *." (Emphasis supplied.)

The problem with defendant's argument is that ORS 137.225(6)(b) does not end the trial court's inquiry. Under ORS 137.225(3), the trial court must also assess the "circumstances and behavior" of the defendant from the date of the conviction or arrest to the date of the hearing on the motion to set aside. Nothing in ORS 137.225(3) limits the trial court to examining a defendant's "circumstances and behavior" for only the 10 years preceding the motion to set aside. Rather, the statute directs the court to examine a defendant's "circumstances and behavior" from the date of the conviction or arrest, regardless of how many years have passed since the conviction or arrest. In *State v. Langan*, 301 Or 1, 718 P2d 719 (1986), the Supreme Court held that, under ORS 137.225(3), a trial court may deny a motion to set aside a conviction if it finds that, since the date of the conviction, the defendant's behavior was in some respect "contrary to public law." *Id.* at 9.

In this case, it is undisputed that defendant was arrested for and convicted of second degree burglary after his conviction for possession of a controlled substance and his arrest for attempted burglary. That was behavior "contrary to public law." Accordingly, the trial court did not err in denying defendant's motion to set aside his 1978 conviction and arrest.

Because of this disposition, we need not address defendant's other assignments of error.

Affirmed.