Argued and submitted March 5, affirmed July 31, 1996

## LEONG'S, INC.,
an Oregon corporation,
*Petitioner,*

## Pak Man LEONG
and Mavis Leong, husband and wife,
*Appellants,*

*v.*

## OREGON STATE LOTTERY COMMISSION;
Stephen H. Caputo, Acting Director of
Oregon State Lottery Commission;
Ed (Debbs) Potts, Michael Schwartz,
Gret Atchison, Janet Tolle and Keith Lewis,
*Respondents.*

(9410-07028; CA A88825)

921 P2d 988

Ivan M. Karmel argued the cause and filed the briefs for appellants.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Petitioners[1] appeal from the trial court's judgment affirming the Oregon Lottery Commission's (Commission) order denying their application for a video lottery contract. Petitioners argue that the trial court erred in finding that the Commission could deny their application based on the underlying circumstances of a conviction that had been set aside under ORS 137.225. We affirm.

The material facts are as follows: Petitioners own and operate a restaurant in Estacada. In 1989, petitioners' restaurant was one of several Estacada businesses subject to a criminal investigation for illegal gambling activities. Based on information uncovered by that investigation, petitioner Pak Man Leong was found guilty in November 1990 of promoting gambling in the second degree.

In February 1993, petitioners submitted an application for a video lottery retailer contract. In the application, petitioners disclosed Leong's 1990 conviction. In May 1993, invoking OAR 177-100-060(2)(b),[2] the Commission denied petitioners' application because of Mr. Leong's 1990 gambling conviction.

Leong subsequently petitioned the Clackamas County Circuit Court, pursuant to ORS 137.225,[3] to set aside

---

[1] Petitioners, Leong's, Inc., Pak Man Leong, and Mavis Leong, petitioned the circuit court for judicial review of the commission's order. Petitioners Pak Man and Mavis Leong appeal the trial court's judgment.

[2] OAR 177-100-060, provides, in part:

"(2) [T]he director may deny a video lottery game contract and application for any of the following reasons: (a) conviction of any crime in any jurisdiction; (b) a conviction for any gambling conviction in any jurisdiction; and (c) any aspect of the applicant's past conduct which the director determines would adversely affect the integrity, security, honesty or fairness of the lottery."

Furthermore, OAR 177-40-100 provides, in part:

"Before contracting with an applicant, the Director shall consider the factors set out below.

"* * * * *

"(6) The Director shall consider the experience, character, or general fitness of the applicant. Entering into a contract with the applicant must be consistent with the public interest, convenience, and trust."

[3] Pertinent provisions of ORS 137.225 are set out below.

his gambling conviction and to seal the record of the prosecution. In February 1994, the court granted that relief.

In April 1994, petitioners submitted a second application for a video lottery retailer contract. Question 15 of the application asked whether the applicant, or any control persons, had ever been the subject of a grand jury or criminal investigation. Petitioners responded, "yes." Question 16 asked whether the applicant had ever been indicted, convicted or arrested for any criminal offense. Petitioners responded, "no." In accordance with the instructions, petitioners elaborated on their answers to questions 15 and 16 in attachments included with the application. In one attachment, they stated:

> "Mr. Leong * * * was the subject of a criminal investigation for illegal gambling alleged to have taken place between February 8 and March 18, 1989 at [applicants' restaurant] in Estacada, begun as well against other restaurants in town[.] The investigation disclosed that Mr. Leong managed 'cash-outs' from a drawer in the kitchen.

> "The investigation further revealed that Mr. Leong opened the gambling tables in self-defense; this is that other restaurant establishments in Estacada had long maintained similar operations that forced applicant for compliance to maintain such an operation. * * * There was no evidence that Mr. Leong personally profited from the illegal gaming. On November 14, 1990, Mr. Leong did indeed stipulate to facts from which the court determined that he was guilty of 'promoting gambling in the second degree,' a Class A Misdemeanor.

> "On February 7, 1994, the Circuit Court for Clackamas County, Judge John Lowe signed an order setting aside the conviction and any record of arrest."

In addition to attaching this explanation to their application, petitioners also attached a copy of the transcript of Leong's gambling offense trial and a copy of the order setting aside his conviction for that offense. The trial transcript contained the state's presentation of the factual circumstances that gave rise to the gambling charges.

On August 15, 1994, the Commission denied petitioners' application. The basis of the denial was explained as follows:

"[We have] determined that you do not qualify as a Video Lottery retailer under OAR 177-100-060 and OAR 177-040-010 for the following reason(s):

"A conviction for any gambling offense in any jurisdiction; specifically information of a criminal nature regarding [Mr. Leong]; and

"Any aspect of the applicant's past conduct which the Director determines would adversely affect the integrity, security, honesty or fairness of the Lottery; specifically information of a criminal nature regarding [Mr. Leong]."

Following that denial, petitioners sought judicial review of the Commission's order in Multnomah County Circuit Court. ORS 183.484. Petitioners asserted that ORS 137.225 precluded the Commission from treating either Leong's "expunged" conviction or the circumstances underlying that conviction as a basis for denying their application.[4] In addition, petitioners raised constitutional challenges under Article I, section 20, of the Oregon Constitution, and the equal protection clause of the Fourteenth Amendment to the United States Constitution,[5] asserting that the Commission had impermissibly denied petitioners' application while granting or renewing the applications of others who were similarly situated.

The trial court sustained the Commission's action. It agreed with petitioners that ORS 137.225 precluded the

---

[4] We use the term "expunged" as convenient, if somewhat imprecise, shorthand for the statutory process of setting aside a conviction pursuant to ORS 137.225(3). *But cf. State v. Langan*, 301 Or 1, 4 n 3, 718 P2d 719 (1986) (noting that "expungement" is a "misnomer" because an order pursuant to ORS 137.225 "is not designed to 'rewrite history' and deny the occurrence of an event but to limit the purposes for which official records may be used to exhume that past event").

[5] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges or immunities, which, upon the same terms, shall not belong to all citizens."

The Fourteenth Amendment to the United States Constitution provides, in part:

"No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

Commission from considering Leong's "expunged" conviction. Nevertheless, the court also concluded that ORS 137.225 did not preclude the Commission from basing its denial on the conduct underlying that conviction, as distinct from the "expunged" conviction itself, because that conduct could reasonably be deemed to "adversely affect the integrity, security, honesty or fairness of the Lottery." OAR 177-100-060(2)(c). With respect to that conclusion, the court specifically noted:

"[The Commission] and the Oregon State Police were aware of the Estacada gambling situation, and Mr. Leong's involvement with it, independent of any matters contained within the sealed court records relating to the expunged conviction."

The trial court also rejected petitioners' constitutional arguments:

"[Petitioners] argue that because two Estacada establishments which were involved in the 'raid' now have lottery contracts, and because the operators or 'control persons' of those establishments still have gambling convictions on their records, Petitioners are being treated unfairly by Respondents' denial.

"Petitioners' argument fails because it requires a court to accept the proposition that once an agency makes a mistake, it must continue to apply that mistake to all similarly situated applicants. Just because a prior Director exercised peremptory powers to override a denial recommended by staff (and for which the prior Director was reprimanded * * *), does not mean the agency must perpetuate the mistake.

"At the time of the application in this case, and since late 1992, the agency's position has been that all applicants with prior gambling convictions or gambling conduct would be denied a lottery contract. That position or interpretation was applied to Petitioners in this case and it has been applied since then on a consistent basis to all similarly situated applicants."

On appeal, petitioners make two alternative arguments. First, the trial court erred in concluding that ORS 137.225 did not preclude the Commission from denying their application based on the circumstances underlying the

expunged 1990 conviction.[6] Second, the court erred in rejecting their "disparate treatment" constitutional arguments. The state, in turn, "cross-assigns"[7] error to the trial court's determination that the Commission could not rely on evidence of a prior *conviction* where that evidence was not obtained from official records sealed under ORS 137.225(3).

■     ORS 137.225 provides, in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(3)   * * * [T]he applicant for purpose of the law shall be deemed not to have been previously convicted, or arrested as the case may be, and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest whether or not the arrest resulted in further criminal proceeding.

"(4)   * * * Upon entry of such an order such conviction, arrest or other proceeding shall be deemed not to have occurred, and the applicant may answer accordingly any questions relating to their occurrence.

"(5)   The provisions of subsection (1)(a) of this section apply to a conviction of:

"* * * * *

"(d)   A misdemeanor, including a violation of a municipal ordinance, for which a jail sentence may be imposed[.]"

Petitioners argue that the statute, and particularly subsections (3) and (4), precludes the Commission from denying

---

[6] Petitioners do not dispute that, as a general matter under OAR 177-100-060(2)(c), the Commission can deny an application based on "any aspect of the applicant's past conduct which the Director determines would adversely affect the integrity, security, honestly or fairness of the Lottery."

[7] It is not clear whether, in this context, the state's contention is more properly denominated as a cross-assignment of error within the meaning of ORAP 5.57(2) or as an alternative basis for affirmance.

their application based on the circumstances giving rise to the "expunged" 1990 conviction. We disagree. Whatever merits petitioners' argument might have if the Commission had relied on information obtained from official records sealed pursuant to ORS 137.225(3), that did not occur here.

The Commission did not surreptitiously obtain information concerning the prior gambling-related conduct from sealed official records. Rather, petitioners themselves provided that information to the Commission. Indeed, petitioners submitted attachments to their application, which detailed the prior conduct that precipitated the criminal investigation and arrest. *Cf. Delehant v. Bd. of Police Standards and Training*, 317 Or 273, 855 P2d 1088 (1993) (discussing state's use of prior convictions where police applicant supplied information regarding the convictions and order setting them aside).

Thus, nothing in ORS 137.225 precluded the Commission from considering the prior gambling conduct and denying petitioners' application because of that conduct. Moreover, petitioners do not dispute that that conduct was sufficient to warrant denial under OAR 177-100-060(2)(c).[8] Accordingly, the trial court did not err in concluding the Commission could deny petitioners' application based on the conduct underlying the "expunged" conviction.

■ Petitioners argue, finally, and in the alternative, that the trial court erred in rejecting their constitutional challenges to the Commission's action. In particular, they assert that, whatever the propriety of the Commission's consideration of the prior gambling-related conduct, the Commission had entered into, or renewed, video lottery agreements with other applicants who had engaged in similar conduct. Thus, petitioners assert, the Commission impermissibly "singled them out," violating Article I, section 20, and the equal protection clause of the Fourteenth Amendment.

---

[8] Petitioners do assert that the Commission's denial of their application, while allegedly granting or renewing the applications of others who engaged in similar gambling conduct, violates constitutional equal protection and privileges and immunities guarantees. That "disparate treatment" argument is, however, qualitatively distinct from an assertion that petitioners' conduct, in and of itself, was insufficient to support denial under OAR 177-100-060(2)(c).

We affirm, and endorse without further comment, the trial court's disposition of those arguments. *See* 142 Or App at 464-65 above.

Affirmed.