Argued March 21, 1977, affirmed May 2, 1977

## STATE OF OREGON, *Respondent,*
### *v.*
## LOWELL DEAN GREEN, *Appellant.*
### (No. 83122, CA 7305)

563 P2d 756

Robert H. Anderson, Roseburg, argued the cause for appellant. With him on the brief was Murphy, Anderson & Cegavske, Roseburg.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The defendant was convicted in 1967 of "entering motor vehicle with intent to steal."[1] Imposition of sentence was suspended and he was placed on three years' probation. Subsequently, in December 1970, his probation was revoked and he was sentenced to three years' imprisonment. In July 1976 he filed a motion to have his conviction set aside pursuant to ORS 137.225; popularly known as the "expunction statute." The motion was denied.

ORS 137.225 provides in part:

"(1) Every defendant convicted of [certain specified crimes] * * * at any time after the lapse of three years from the date of pronouncement of judgment, if he has fully complied with and performed the sentence of the court, and is not under charge of commission of any crime, may move the court wherein such conviction was entered for an entry of an order setting aside such conviction. * * *"

Defendant contends the trial court misconstrued the terms "judgment" and "sentence" in the statute to mean the date he was initially placed on probation. He argues sentence means a judgment of imprisonment and does not include an order of probation. From this he concludes since he fully complied with the sentence of the court, i.e., served out his imprisonment, he is entitled to expunction of his conviction without regard to his unsuccessful probation.

A motion to set aside a conviction under ORS 137.225 must meet essentially five conditions: (1) the crime for which defendant was convicted is one which can be set aside under the statute; (2) three years have elapsed since pronouncement of judgment; (3) the defendant has fully complied with and performed the sentence of the court; (4) he is not under charge of commission of any crime; and (5):

"* * * the court determines that the circumstances

---

[1]The former ORS 164.330.

[ 339 ]

and behavior of the applicant from the date of conviction to the date of the hearing on the motion warrant setting aside the conviction * * *." ORS 137.225(1).

It is within the discretion of the court to deny the motion based upon a review of the defendant's behavior since the date of conviction. Thus, even if we adopt the definition of "sentence" as proposed by defendant the fact he had violated the terms of probation is sufficient to deny the motion. Consequently, we do not decide that issue.

Affirmed.