Argued and submitted March 11, reversed and remanded April 22, 1986

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JOHN LANGAN,
*Petitioner on Review.*

(TC 10-80-0083; CA A35228; SC S32380)

718 P2d 719

Gary K. Jensen, Eugene, argued the cause for petitioner on review.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review.

Before Peterson, Chief Justice, Lent, Linde, Campbell, Carson and Jones, Justices.

LINDE, J.

## LINDE, J.

Defendant, who owns a tavern in Eugene, Oregon, was convicted in 1980 of promoting gambling in violation of ORS 165.122, a Class C felony. *See State v. Langan,* 293 Or 654, 652 P2d 800 (1982). In 1984, he moved in the circuit court to have the conviction "set aside" pursuant to ORS 137.225. The court denied the motion, and the Court of Appeals affirmed without opinion.

The relevant text of ORS 137.225 provides:

"(1)(a)  At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court * * * by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(3)  Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. If the court determines that the circumstances and behavior of the applicant from the date of conviction, * * * to the date of the hearing on the motion warrant setting aside the conviction, * * * it shall enter an appropriate order * * *."[1]

Defendant submitted an affidavit in which he stated that he had "fully complied with and performed the sentence of the Court," that his "circumstances and behavior since the date of the conviction to the present time have been exemplary," and that he had "conducted the business of the Eldorado Club Tavern without any difficulties with any law enforcement agency." He also submitted affidavits of other persons attesting to his good character.

The state opposed the motion, and a hearing was held before the circuit judge who originally sentenced defendant.

The prosecutor representing the state called defendant as a witness over his objection that this was impermissible in a criminal proceeding. In response to the state's questions, defendant testified that he was licensed by the City of

---

[1] ORS 137.225(5) specifies the offenses to which subsection (1) applies, which include the misdemeanor of which defendant was convicted. We draw attention to ORAP Rule 7.24, which requires that statutes be set out in appellate briefs. Neither party's brief nor defendant's petition for review sets out the text of ORS 137.225.

Eugene to permit "socialized gambling" at his tavern, and that he sold his customers decks of cards, which he required them to replace every two hours, at a substantial profit. The prosecutor pressed defendant on the question whether he did not "know that profiting from the sale of decks of cards at card games" was illegal and had been so advised by a police officer, which defendant denied. The only other witness was a police officer called by the prosecutor, who testified that he had told defendant that it was illegal to "sell cards at a profit while using them at a table for play."[2] He also testified that defendant was not charged with any offense for selling the cards. Defendant's testimony on that point was that the customers wanted him to furnish the cards rather than have people bring them in, and that he made a profit on anything he sold in his business: "Nobody in business cannot sell anything without making money at it, or they couldn't be in business."

■ The circuit court denied "expungement" on January 21, 1985, followed by a hearing at which counsel argued several defense motions.[3] On February 20, the court signed the amended order from which defendant appealed. The operative paragraph of the order states:

"The defendant does not meet the statutory qualifications that would otherwise entitle him to an order of expungement. Specifically, the Court finds, although the evidence was in conflict, the defendant's continuance of an activity after being advised according to a police officer's testimony that it was an illegal activity, whether or not it was in fact illegal, is sufficient circumstance and behavior pursuant to ORS 137.225(3) to deny defendant expungement."

The order continues with some general "findings and observations" concerning the difficulty of enforcing the laws against gambling and the incidence of recidivism among gambling

---

[2] The witness did not specify that he meant "play" for stakes, but the context implied this.

[3] The word "expungement" is a misnomer and should not be used for an order under ORS 137.225(1)(a). That statute does not call for expunging anything from the record of conviction but for sealing the record. ORS 137.225(3). The record of conviction remains available for use in a later proceeding to set aside a conviction of another offense, ORS 137.225(6)(b), in a civil action, ORS 137.225(9), or in an investigation of the movant in a case "involving records sealed under this section." ORS 137.225(10). An order under the statute is not designed to "rewrite history" and deny the occurrence of an event but to limit the purposes for which official records may be used to exhume that past event.

offenders. These findings are superfluous and, if they were not surplusage, as the state concedes, they have no evidentiary basis in the record.

Defendant contends that the court erred in letting the prosecutor call him as a witness and in finding that defendant fell short of the "qualifications that would otherwise entitle him to an order of expungement" because he continued "an activity after being advised according to a police officer's testimony that it was an illegal activity, whether or not it was in fact illegal." Defendant also claims error in the court's denying him a supplementary hearing to rebut the officer's testimony.

The circuit court did not err in letting the state call defendant as a witness. A defendant is the movant in seeking to have his conviction set aside under ORS 137.225, and it is his burden to show that he meets the criteria of that statute. Defendant wished to do so purely by affidavits, but he stated no legal basis for resisting the state's demand to dispute the facts and to question him. The point is not whether a proceeding under ORS 137.225 is a "criminal" or a "civil" proceeding, as the parties argued before the circuit court, but whether defendant was "compelled in any criminal prosecution to testify against himself." Or Const, Art I, § 12. Although the guarantee refers to compelled testimony "in" a criminal prosecution, it long has been interpreted to apply to any kind of judicial or nonjudicial procedure in the course of which the state seeks to compel testimony that may be used against the witness in a criminal prosecution. *McCarthy v. Arndstein,* 266 US 34, 40, 45 S Ct 16, 69 L Ed 158 (1924); *Counselman v. Hitchcock,* 142 US 547, 563-85, 12 S Ct 195, 35 L Ed 1110 (1892).[4] The prosecution in this case had been completed

---

[4] The Supreme Court in *Counselman v. Hitchcock,* 142 US 547, 12 S Ct 195, 35 L Ed 1110 (1892), cited several state cases which similarly interpreted various state constitutional provisions referring to compelled testimony. Among the cited cases was *Wilkins v. Malone,* 14 Ind 153 (1860), which was decided one year after Oregon drafted its own constitution, largely adopted from the Indiana constitution of 1851. In *Wilkins* the Indiana Supreme Court affirmed the trial court's refusal to compel a party to testify in a civil proceeding on a promissory note, although Article I, Section 14 of Indiana's constitution (the source of Oregon's Article I, section 12) states that "[n]o person, in any criminal prosecution, shall be compelled to testify against himself." The court found that the "spirit and intent [of the provision] protect a person from compulsory disclosure, in a civil suit, of facts tending to criminate the party, wherever his answer could be given in evidence against him in a subsequent criminal prosecution." 14 Ind at 154.

when defendant was convicted, and he was immune from further jeopardy for the same offense. Of course, defendant could have declined to answer the prosecutor's questions, but he did not claim that privilege, perhaps thinking it inconsistent with a claim of law-abiding behavior.

■■ Defendant is correct, however, that the circuit court erred in basing its order on a finding that defendant did not accept a police officer's advice that selling playing cards to gamblers was an illegal activity, whether or not it actually was illegal. The state argues that defendant's failure to heed the officer's statement that his conduct "was illegal and that he should stop" showed an attitude of "complete indifference" on the part of one who had been previously convicted, and that the court "could properly rely on this act alone to determine that defendant had failed to 'demonstrate his ability to be a responsible citizen,' " words paraphrased from an opinion of the Court of Appeals rather than from the statute.[5] Defendant, in turn, has held to the stance of an honest businessman operating a licensed business within the law; in fact, the hearing was devoted to defendant's criticism of the city's allegedly lenient and inconsistent enforcement practices toward his competitors in the "socialized gambling" business almost as much as to testimony bearing directly on the standards of ORS 137.225. On the issue of disqualification for not heeding the officer's advice, the state's position is untenable. "Responsible citizens" are bound to conform their conduct to the law, not to the views of police officers.

■ The state also maintains that defendant in fact did engage in unlawful conduct. Perhaps he did, but that is not the stated basis of the order from which he appealed. At the time he signed the January 21 order, the circuit judge apparently was prepared to make such a finding, but the order was changed after further argument. The record is unclear on exactly what occurred at this point, but it appears that the court instructed defendant's counsel to prepare an amended order. Perhaps the arguments made the court less certain that defendant's conduct in fact was unlawful; in any event, the court on February 20 signed the amended order from which defendant then appealed. A finding that a party committed a

---

[5] *State v. Hammond,* 34 Or App 893, 897, 580 P2d 556 (1978).

criminal offense is one that a trial court, not an appellate court, should make in the first instance, and it is not as obvious a finding as the state would have it. At least defendant's argument that as a licensed entrepreneur he could hardly be expected to give merchandise away at his own wholesale cost. deserves to be addressed, and the state's position that profiting from sale of playing cards is unlawful does not seem to depend on whether the seller's mark-up is excessive.

The parties have described the circuit court's task under ORS 137.225 as an exercise of "discretion," a term used by the Court of Appeals in *State v. Green,* 29 Or App 337, 340, 563 P2d 756 (1977). The state's brief contends that "[g]ranting of expunction is entirely discretionary with the court." The description would be acceptable if the legislature in ORS 137.225 had meant to authorize setting aside a conviction as a special dispensation or act of grace, but the legislative record shows otherwise.

ORS 137.225 was first enacted in 1971 as HB 1802.[6] The original form of the bill, and of a similar Senate bill, SB 362, repeatedly used the verb "shall" in describing the rights of a defendant who met the bill's criteria to withdraw a previous guilty plea or to have a verdict of guilt set aside by the trial court. However, the legislative committees working on the subject substituted a different version proposed by Judge Richard Unis of the Portland Municipal Court as the basis for their consideration. Judge Unis's draft, in the key operative sentence, would have provided:

> "If the court determines that the circumstances and behavior of the applicant from the date of conviction to the date of the hearing on the motion warrant setting aside the conviction, *it may, in its discretion,* enter an appropriate order." (Emphasis added.)

In testimony to the Senate Criminal Law and Procedure Committee, Judge Unis pointed out that SB 362 used "shall" and recommended that this be changed to "may," but this was not done.

The House Judiciary Committee, in turn, made one

---

[6] Later amendments have not changed the character of the court's function.

change in the draft submitted by Judge Unis: it adopted a motion to provide mandatory language requiring the court to set aside a qualified defendant's criminal conviction upon a proper application. The Senate agreed, and as finally enacted, the bill employed the mandatory term "shall." Or Laws 1971, ch 434, § 2. In changing "may" to "shall," however, the committees failed to alter the reference to the court's examination of the applicant's "circumstances and behavior," thereby creating a problem of their significance in the amended text.

This statutory history leaves no doubt that the legislature chose a policy in favor of setting aside the convictions of qualified applicants rather than leaving the decision to judicial discretion, but the legislature did not spell out clear criteria for carrying out its policy. The text could be read to mean that a judge who found that the applicant's "circumstances and behavior" warranted it thereafter would have no discretion to deny an order setting aside a conviction, but that the predicate itself remained largely discretionary.[7] Apart from the implausible assumption that a judge actually might deny an order setting aside a conviction after finding that the facts warranted the order, we doubt that the legislature meant the phrase to describe "circumstances and behavior" so loosely that two different judges would have "discretion" to take opposite actions on identical facts.

ORS 137.225(1)(a) establishes two express preconditions for a motion to set aside a conviction: Three years must have elapsed from the date of pronouncement of judgment, and the applicant must have "fully complied with and performed the sentence of the court." Obviously, the applicant's conduct during the three years following the judgment of the conviction are meant to bear on whether the judgment is to be set aside.

ORS 137.225(3) directs the court to determine whether "the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction." The question is what constitutes a record of "circumstances and

---

[7] Although it is difficult and in spots impossible to hear the tape recordings of the committee discussion, one committee member referred to the required finding as leaving "enough discretion."

behavior" to "warrant" such a determination. The statute could be read to mean, at one extreme, that only a second conviction would justify denial of an application denying an order to set aside the first conviction. At the other extreme, the statute might permit the trial court to scrutinize every aspect of an applicant's life for deviations from socially approved conduct. Neither extreme seems consistent with the legislative objective to free the qualified applicant who has completed his sentence from the stigma of a prior conviction, particularly in finding work.

■ ■  We think that the statutory reference to the applicant's "behavior" means that the court is to examine whether the applicant has behaved in conformity with or contrary to public law. Disqualifying behavior must be some form of legal, not merely social, impropriety, and an act incurring ordinary, nonpunitive civil liability (for instance, a contract dispute) is not disqualifying if it does not also contravene some other law. We infer, although ORS 137.225 does not expressly so state, that commission of another offense (other than a motor vehicle violation) would prevent setting aside an earlier conviction, because subsection (6)(c) excludes an applicant who at the time of his motion to set aside a conviction "is under charge of commission of any crime," and subsection (6)(b) excludes an applicant who previously was convicted of another offense (excluding motor vehicle violations), within 10 years preceding the motion.[8] Noncriminal behavior that violates a regulatory law or administrative rule enforced by a civil penalty or other administrative sanction may disqualify

---

[8] ORS 137.225(6) provides:

"The provisions of subsection (1) of this section do not apply to:

"(a) A person convicted of, or arrested for, a state or municipal traffic offense;

"(b) A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside. Notwithstanding subsection (1) of this section, a conviction which has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable; or

"(c) A person who at the time the motion authorized by subsection (1) of this section is pending before the court is under charge of commission of any crime."

an applicant if the law relates to the character of the conviction that the applicant seeks to set aside.

■ Disqualifying an applicant because he has committed, though he has not been charged with, another offense poses obvious problems. The judge hearing the applicant's motion to set aside a conviction cannot convict the applicant of a crime or declare him "guilty" of the crime. The judge's task, however, is to determine whether the applicant's behavior has been unlawful so as not to warrant setting aside his conviction. Such a determination is not a new conviction and does not require proof beyond a reasonable doubt to a jury. Denial on that basis does require identification of every element required to make the conduct unlawful and a determination that each is established by a preponderance of the evidence at the hearing on the applicant's motion.

■ We therefore conclude that the statute contemplates the following steps: (1) A proceeding to set aside a conviction is initiated by a motion in the sentencing court alleging the several elements required by the statute. (2) The prosecutor may contest the motion. (3) Whether or not the prosecutor does so, the court may require such affidavits and take such proof as the court deems proper. (4) The applicant has the burden to prove by a preponderance of the evidence any disputed affirmative fact required by the statute, but he may invoke the presumption that "the law has been obeyed," OEC 311(x). If the prosecuting attorney asserts that the applicant has committed another offense or otherwise unlawful conduct, he has the burden to show and the court must "determine" each element of that unlawful conduct by a preponderance of the evidence, not beyond a reasonable doubt. (5) If the court determines that each statutory requirement is satisfied, the court "shall" enter an order setting aside the conviction.

■ The circuit judge in this case told counsel that he had not indicated whether he thought that defendant's conduct was or was not illegal: "I thought the letter so phrased the term, 'whether or not.' Whether or not it was, in fact, illegal. I assume he was told that it was illegal conduct and continued." That is not a finding of unlawful conduct, and the order is not based on such a finding. For the reasons we have discussed, a finding that defendant did not do as he was told is not sufficient to deny defendant's motion. Because we do not

know what the circuit court might find upon a correct view of the applicable law, defendant is not as a matter of law entitled to the order from an appellate court.

The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for further proceedings.