Argued and submitted January 27, reversed and remanded with instructions
May 21, 1986

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT L. BOMAR,
*Appellant.*

(C8105-32575; CA A36640)

719 P2d 76

Lawrence Matasar, Portland, argued the cause for appellant. With him on the brief was Hoffman, Matasar & Glaeser, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Defendant appeals the trial court's denial of his motion to set aside his conviction for the Class C felony of sexual abuse in the first degree.[1] We reverse.

Defendant was convicted on February 10, 1982, and given a five-year probationary sentence after the greater sexual offense with which defendant was charged was dismissed as the result of a plea bargain. Defendant's probation was terminated January 14, 1985. On April 10, 1985, he filed a motion to set aside his conviction under ORS 137.225. The trial court held a hearing on June 6, 1985, approximately three years and four months after the original conviction.

Instead of calling defendant as a witness at the hearing, the parties stipulated to the following facts concerning his behavior since conviction:

> "One, that after the conviction he was under treatment with Dr. Toni Farrenkopf for approximately 15 months, and that Dr. Farrenkopf released him from treatment indicating no additional treatment was necessary.

> "Second, [defendant] has had no arrests or convictions since the date of the conviction. * * * And finally, [defendant] continues to operate his store, a deli-mart on St. Helen's Road.

> "He is married, with children.

> "He has had no problems since he was put on probation."

There is no other evidence in the record which pertains to defendant's behavior since his conviction.

The prosecutor argued that the conviction should not be set aside, because of the nature of the offense, the fact that defendant had received the benefit of a plea bargain, the age of the victims involved, and the fact that defendant would be

---

[1] The parties refer to the motion as one to "expunge" the conviction. The Supreme Court, in *State v. Langan,* 301 Or 1, 4 n 3, 718 P2d 719 (1986), disapproved using the term "expunge" as it is a misnomer. We, therefore, refer to the motion as one to "set aside" a conviction.

eligible for licensing if the motion were granted. The prosecutor asserted that, under ORS 137.225,[2] the trial court had discretion to deny the motion.

The court's primary reasons for denying the motion were the seriousness and nature of the crime and the length of time which had passed since conviction:

"I'm going to deny the request, but let the record show that, and it primarily relates to the seriousness of the crime, the nature of the offense, but let the record show I would be disposed to grant such an order on the expiration of five years.

"* * * I frankly feel that three years is a little short."

■ Defendant contends on appeal that a trial judge lacks the discretion to deny a motion to set aside a conviction on the basis of the type of Class C felony of which a defendant is convicted and the length of time greater than three years since the conviction. In *State v. Langan,* 301 Or 1, 718 P2d 719 (1986), the Supreme Court squarely rejected the state's contention, also made in this case, that a trial court's decision to set aside a conviction is entirely discretionary. 301 Or at 8. A trial court may only apply the criteria set forth in the statute. We addressed ORS 137.225 in *State v. Green,* 29 Or App 337, 339-40, 563 P2d 756 (1977), and stated that a defendant must meet five requirements in order to have a conviction set aside:

"A motion to set aside a conviction under ORS 137.225 must meet essentially five conditions: (1) the crime for which

---

[2] ORS 137.225 provides, in part:

"(1)(a) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(3) Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. *If the court determines that the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction * * * it shall enter an appropriate order * * ** 

"* * * * *

"(5) The provisions of paragraph (a) of subsection (1) of this section apply to a conviction of:

"(a) A Class C felony." (Emphasis supplied.)

defendant was convicted is one which can be set aside under the statute; (2) three years have elapsed since pronouncement of judgment; (3) the defendant has fully complied with and performed the sentence of the court; (4) he is not under charge of commission of any crime; and (5):

> " '* * * the court determines that the circumstances and behavior of the applicant from the date of conviction to the date of the hearing on the motion warrant setting aside the conviction * * *.' ORS 137.225(1)."

We stated that it "is within the discretion of the court to deny the motion based upon a review of the defendant's behavior since the date of conviction." 29 Or App at 340.

There is no dispute in this case that defendant satisfied the first four requirements stated in *Green.* In deciding whether to set aside a conviction, the trial court may not consider the nature of the offense for which a defendant was convicted, other than to determine that it is listed in ORS 137.225(5). Neither may the court determine that the passage of three years is an insufficient period after which to set aside a conviction, because the legislature has already determined that three years is the appropriate period. In addition, the age of the victims and the facts that defendant received the benefit of a plea bargain and may be eligible for licensing after the conviction is set aside are irrelevant under the statute.

*State v. Langan, supra,* addressed the fifth requirement and severely restricted the discretion which this court in *State v. Green, supra,* thought the trial court should have. The Supreme Court stated that a trial court must find that, since conviction, defendant's behavior was in some respect "contrary to public law" for it to deny a motion to set aside a conviction. 301 Or at 9. The Supreme Court in *Langan* remanded the case to the trial court to determine if the defendant had done something illegal because the record indicated the possibility of that finding. In this case, on the other hand, there is nothing in the record concerning any improper or possibly illegal conduct by defendant since his conviction. Because the record cannot support a finding that he violated any public law since his conviction, we reverse and remand for entry of an order setting aside the conviction.

Reversed and remanded for entry of an order setting aside the conviction.