Argued and submitted July 6, 1992, reversed and remanded for further proceedings
January 6, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT MICHAEL BROWN,
*Appellant.*

(84-0463; CA A64701)

844 P2d 939

Susan Elizabeth Reese, Portland, argued the cause for appellant. With her on the brief was Reese & Goffredi, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals the denial of his motion, under ORS 137.225, to set aside his 1984 conviction for attempted sexual abuse of a child. The trial court held: (1) 1989 amendments to ORS 137.225 exclude convictions for attempted child sexual abuse from the convictions that can be set aside and the records sealed; (2) the 1989 amendments to ORS 137.225 prohibit a court from setting aside any child sexual abuse conviction regardless of conviction date; and (3) the amendments apply to pre-1989 convictions without violating federal and state constitutional prohibitions against *ex post facto* laws. Defendant assigns error to all three rulings. We reverse.

■    In 1984, defendant was convicted of attempted sexual abuse of a five-year-old child, which at that time was a Class A misdemeanor. ORS 163.425; ORS 161.405(1)(d).[1] He completed his probation in 1989. In 1990, he sought an order setting aside his conviction and sealing the record of his arrest pursuant to ORS 137.225. The circuit court denied the motion, citing the 1989 amendment to ORS 137.225 by Oregon Laws 1989, chapter 774, section 1.

Before October, 1989, ORS 137.225 allowed people convicted of most violations, misdemeanors and Class C felonies, including attempted sexual abuse, to have their convictions set aside and the records sealed after completion of their sentences. In 1989, the legislature amended ORS 137.225 by adding subsection (5), which excepts convictions for child sexual abuse from those that may be set aside and sealed.[2] Defendant contends that, because the amendments do not expressly address inchoate crimes, those convictions can be set aside and the records sealed. We agree.

■■    ORS 137.225(5)(d) permits convictions for misdemeanors to be set aside, unless the misdemeanor was third

---

[1] Those statutes are now numbered ORS 163.427 and ORS 161.405(2)(d).

[2] ORS 137.225(5)(d) provides:

"[Class A misdemeanors may be set aside] except for the following crimes when they would constitute child abuse as defined in ORS 418.740:

"(A)  Sexual abuse in the third degree under ORS 163.415; and

"(B)  Endangering the welfare of a minor under ORS 163.575(1)(a)."

degree sexual abuse under ORS 163.415 or endangering the welfare of a child under ORS 163.575(1)(a) and also constituted child abuse as defined in ORS 418.740.[3] Attempted sexual abuse, of which defendant was convicted, is not one of the misdemeanors that cannot be set aside under ORS 137.225 (5)(d). Therefore, he can qualify under the statute to have his conviction set aside. A court has no discretion but to set aside the conviction of an eligible applicant. *State v. Bomar*, 79 Or App 451, 719 P2d 76 (1986).

We need not reach defendant's remaining assignments of error.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[3] ORS 137.225(1)(a) provides:

"At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described by subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction."