Argued and submitted September 12, 2007, reversed and remanded May 28, petition for review denied September 12, 2008 (345 Or 301)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KIRK WILLIAM BRANAM,
*Defendant-Appellant.*

Lane County Circuit Court
109610735B; A131525

185 P3d 557

George W. Kelly argued the cause and filed the brief for appellant.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong, Judge, and Ortega, Judge.*

LANDAU, P. J.

---

\* Ortega, J., *vice* Riggs, S. J.

**LANDAU, P. J.**

Defendant sought an order setting aside the record of his arrest and conviction for the offense of possession of a controlled substance. ORS 137.225. The trial court denied the motion, and defendant appeals. We reverse and remand.

The relevant facts are undisputed. In 1997, defendant pleaded guilty to a Class C felony charge of possession of a controlled substance. On August 6, 1997, the trial court sentenced him to 18 months' probation, ordered him to complete 80 hours of community service, and imposed a $94 unitary assessment fee. As one of 14 general conditions of probation, defendant was required to "report as required and abide by the direction of the supervising officer." On August 22, a probation officer filed a violation report alleging that defendant had failed to report as directed to the probation office for his initial intake. In November 1997, after a show cause hearing, the trial court revoked defendant's probation and sentenced him to six months in the Lane County Jail and 12 months of post-prison supervision.

Defendant completed his probation revocation sentence. In August 2005, he moved for an order setting aside the record of his arrest and conviction, as provided in ORS 137.225, which authorizes a court to grant such a motion if, among other things, the applicant has "fully complied with and performed the sentence of the court" and the court determines that the circumstances and the behavior of the applicant warrant the remedy. In support of his motion, defendant averred that his 1997 conviction was his sole conviction, that he had fully performed the sentence ordered by the court, that he was employed and had a child, and that the record of his conviction might affect his ability to obtain better employment. He argued that he had met the statutory criteria for a set-aside and that, to the extent that the trial court had discretion to consider his conduct, he had no subsequent convictions and was of good moral character. The state opposed the motion on the ground that, because defendant did not comply with the terms of the original sentence of probation, he had failed to comply with "the sentence" within the meaning of the statute. The trial court summarily denied the motion.

Defendant appeals, again arguing that he met all of the applicable requirements of ORS 137.225. Specifically, he argues that, as pertinent to subsection (1)(a) of that statute, "the sentence" in his case was his six-month jail sentence and accompanying post-prison supervision term, and he inarguably completed that sentence; in addition, he contends, he met the other objective criteria set out in that subsection. Relying on *State v. Langan*, 301 Or 1, 718 P2d 719 (1986), he also argues that, as pertinent to subsection (3), his mere failure to report to the probation office was a "minimal" probation violation and that neither that transgression nor any other conduct or circumstance since the time of his conviction should disqualify him from obtaining a set-aside. He argues that, at a minimum, this court should remand his case to the trial court for findings.

The state reiterates that, as a matter of law, because defendant violated his original sentence of probation, he did not fully comply with "the sentence" as required by ORS 137.225(1)(a).

■    The proper meaning and application of ORS 137.225 is a matter of statutory interpretation that we resolve by application of the principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Our goal is to ascertain the meaning most likely intended by the legislature, based on an analysis of the text in context and, if necessary, legislative history and other aids to construction.

ORS 137.225 provides, in pertinent part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction[.]

"* * * * *

"(2)(a)   A copy of the motion and a full set of the defendant's fingerprints shall be served upon the office of the prosecuting attorney who prosecuted the crime or violation,

\* \* \* and opportunity shall be given to contest the motion. \* \* \*

"\* \* \* \* \*

"(3)   Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. The court shall allow the victim to make a statement at the hearing. Except as otherwise provided in subsection (11) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction \* \* \* to the date of the hearing on the motion warrant setting aside the conviction \* \* \* it shall enter an appropriate order that shall state the original arrest charge and the conviction charge, if any and if different from the original, date of charge, submitting agency and disposition. \* \* \* Upon the entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted \* \* \* and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest whether or not the arrest resulted in a further criminal proceeding.

"\* \* \* \* \*

"(5)   The provisions of subsection (1)(a) of this section apply to a conviction of:

"(a)   A Class C felony \* \* \*."

The focus of the dispute in this case is, at least initially, the meaning of the provision that authorizes a court to set aside the judgment of a defendant "who has fully complied with and performed *the sentence* of the court." (Emphasis added.) Defendant contends that "the sentence" refers to the sentence that ultimately applied to him and that he ultimately fully and completely complied with and performed. The state contends that "the sentence" refers to the *initial* sentence, and not to the one that the trial court later imposed. On the surface at least, both contentions are consistent with the phrasing, "the sentence." Nevertheless, further analysis of the wording and the relevant context in which it is employed leads us to believe that defendant's proposed construction is the one more likely intended by the legislature.

The fact that the legislature used the definite article "the" and the singular form of the noun "sentence" suggests that it intended the requirements in ORS 137.225(1)(a) to apply to only one particular sentence. *See, e.g., Klamath County School Dist. v. Teamey*, 207 Or App 250, 263, 140 P3d 1152, *rev den*, 342 Or 46 (2006) (use of singular noun "order" indicates reference to "one particular order"); *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 252, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005) (statute using definite article "the" and singular noun "purpose" construed as meaning "the *only* purpose" (emphasis added)). Where the requirements of ORS 137.225(1)(a) arguably apply to only one particular sentence, it is logical to conclude that the relevant sentence is the one that ultimately is imposed—here, the incarceration sentence imposed after revocation of defendant's probation.

Context supports that understanding. The felony offense committed by defendant in this case is subject to the sentencing guidelines. *See* ORS 137.669 (sentencing guidelines control sentences for felonies committed on or after November 1, 1989). The guidelines establish a presumptive sentence for a particular offense, based on the crime seriousness category of the offense and the offender's criminal history. OAR 213-004-0001. Depending on those factors as applied to a particular offense, the presumptive sentence may be probation, OAR 213-005-0007, or a term of imprisonment followed by a term of post-prison-supervision, OAR 213-005-0001; OAR 213-005-0002. *See, e.g., State v. Lucas*, 113 Or App 12, 14, 830 P2d 601, *rev den*, 314 Or 176 (1992) (for felonies committed on or after November 1, 1989, the sentencing guidelines require execution of "either a prison sentence *or* a sentence of probation" (emphasis added)).[1] The trial court also may impose a probationary sentence as a departure from a presumptive prison sentence or as an "optional" sentence. OAR 213-005-0006; OAR 213-005-0009. *See State v. Hoffmeister*, 164 Or App 192, 196, 990 P2d 910 (1999) (describing various types of probation sentences).

---

[1] Before the enactment of the sentencing guidelines, probation was not a sentence. *See, e.g., State v. Anderson*, 113 Or App 416, 418, 833 P2d 321 (1992).

Regardless of which type of probation sentence the trial court initially imposes, the court may "revoke" probation and impose a sentence of confinement that is consistent with the guidelines. ORS 137.545(5)(b), (7); *see also* OAR 213-010-0002 (providing for length of prison term on revocation of presumptive, departure, or optional probation sentence); *State v. Bolf*, 217 Or App 606, 609-10, 176 P3d 1287 (2008) (discussing range of sanctions available upon revocation of probation). The plain meaning of the verb "revoke" is "to annul by recalling or taking back (as something granted by a special act) : rescind, cancel, repeal ⟨~ a will⟩ ⟨~ a privilege⟩." *Webster's Third New Int'l Dictionary* 1944 (unabridged ed 2002). To "annul" is "to cause to cease to exist : reduce to nothing" and "to make legally void : declare to be no longer of legal effect : abolish." *Id.* at 88. Those definitions suggest that, after the trial court has revoked a probationary sentence, it is of no legal effect or significance. *Cf., e.g., State v. Bowman*, 160 Or App 8, 14, 980 P2d 164 (1999), *rev den*, 333 Or 655 (2002) (state's appeal of imposition of probationary sentences was moot; where probation had been revoked, probation sentences were no longer in existence and decision as to their validity could have no practical effect); *State v. Lewis*, 121 Or App 494, 496, 854 P2d 1009, *rev den*, 318 Or 26 (1993) (where the defendant's probation had been revoked, his appeal of special conditions of probation was moot). In effect, the later-imposed incarceration sentence supersedes the earlier-imposed probationary sentence. *Cf.* ORS 138.083(1)(a) (sentencing court may modify judgment of conviction and sentence to correct any erroneous term).

Context also includes prior cases interpreting or applying a statute. *State v. McDonnell*, 343 Or 557, 563, 176 P3d 1236 (2007). We have not found a case directly on point.[2]

___

[2] In *State v. Green*, 29 Or App 337, 563 P2d 756 (1977), after the defendant was convicted of an offense, the trial court suspended the imposition of sentence and placed him on probation. The court later revoked his probation and sentenced him to prison. Six years later, he sought to have his conviction set aside under ORS 137.225. The trial court denied the motion. *Id.* at 339. On appeal, the defendant argued that the term "sentence" in ORS 137.225 meant only his prison sentence. This court noted that the statute authorizes a court to deny a set-aside "based upon a review of the defendant's behavior since the date of conviction." We therefore concluded that, "even if we adopt the definition of 'sentence' as proposed by [the] defendant[,] the fact [that] he had violated the terms of probation is sufficient here." *Id.*

Although the text and context discussed above suggest that, for purposes of ORS 137.225(1)(a), the relevant sentence is the six-month jail sentence that was imposed on defendant following his revocation from probation, the state's proposed interpretation of the statute is not wholly implausible. *See generally State v. Rodriguez*, 217 Or App 24, 28, 175 P3d 471 (2007) (discussing "wholly implausible" standard of ambiguity). We therefore turn to the legislative history.

ORS 137.225 originally was enacted in 1971 as House Bill (HB) 1802. The earliest version presented to the legislature imposed a five-year waiting period after "pronouncement of judgment" and required the defendant to have "fully complied with the sentence of the court." A similar bill, Senate Bill (SB) 362, was simultaneously under consideration in the Senate. At a hearing of the Senate Criminal Law and Procedure Committee, then-Multnomah County Circuit Judge Richard Unis explained that the two bills were intended to provide a mechanism for rehabilitating offenders who "run afoul of the law in a single instance." Unis noted that, absent a procedure for setting aside a conviction, such offenders "forever have a criminal record and face substantial prejudice" in obtaining employment. Although Unis's proposed draft of the legislation also required the defendant to wait five years, he expressed concern that that time period was too lengthy. In referring to the completion of the sentence imposed by the court, the proposed draft used the phrase "fully complied with and performed." Exhibits A & B, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971; *see also* Minutes, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971, 2-4. There was no discussion of the latter language; rather, the discussions in the legislature focused almost exclusively on the rehabilitative purpose and other policy aspects of the legislation.[3] In

___

at 339-40. *Green* is of limited assistance in determining the proper application of ORS 137.225(1)(a) in this case. As noted above, at that time, probation was not a "sentence." Moreover, as this court's reference to "the defendant's behavior" indicates, we understood that the trial court had denied the motion on that basis, not on the basis that he failed to fully serve his sentence.

[3] The American Civil Liberties Union submitted a written statement in support of the bill; that statement also emphasized the bill's rehabilitative or remedial purpose. Exhibit C, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971 (statement of American Civil Liberties Union).

a meeting of the House Judiciary Committee, HB 1802 was amended to conform to the language in proposed SB 362 and the latter bill was tabled. Minutes, House Committee on the Judiciary, HB 1802, Apr 2, 1971, 2. As ultimately passed, the bill required a three-year waiting period; in other relevant respects, the language was identical to that found in current ORS 137.225(1)(a).

Thus, the legislative history of ORS 137.225(1)(a) does not expressly address the question of the proper application in this case of the requirement that a defendant "fully compl[y] with and perform[ ] the sentence of the court." That is not surprising; again, at the time that ORS 137.225 was enacted and for some years afterward, probation was not a "sentence." Accordingly, the question whether a defendant whose *sentence* of probation is revoked but who eventually completes the incarceration sentence imposed in its place has "fully complied with and performed the sentence of the court" understandably did not arise.

The legislative history being inconclusive, we turn to relevant maxims of construction. Two related maxims are relevant here. First, we are to construe the language of a statute in a manner that is consistent with its purpose; in conducting that inquiry, we are guided by what the legislature or the courts have identified as the broader purpose of the statute. *Godfrey v. Fred Meyer Stores*, 202 Or App 673, 689, 124 P3d 621 (2005), *rev den*, 340 Or 672 (2006). Second, we attempt to discern what the legislature would have intended had it considered the particular problem presented. *See PGE*, 317 Or at 612.

As discussed above, the purpose of ORS 137.225 is to aid in the rehabilitation of first-time offenders, particularly with respect to their employability. *See, e.g.*, *State v. Hammond*, 34 Or App 893, 897, 580 P2d 556 (1978) (ORS 137.225 is intended to "remove[ ] a cloud from the efforts of those persons to find employment and social acceptance, and otherwise bury the past"). Given that purpose, we conclude that the better reading of ORS 137.225(1)(a) is that, where a defendant initially is sentenced to probation but probation

later is revoked and the defendant is sentenced to an incarceration term (and accompanying term of post-prison supervision), the relevant "sentence of the court" for the purpose of ORS 137.225(1)(a) is the incarceration term; where the defendant successfully completes the latter, he or she has met the requirement of that provision that he or she had "fully complied with and performed the sentence of the court."

To conclude otherwise would be to afford such a defendant a lesser opportunity for rehabilitation than that afforded to a person who is sentenced in the first instance to an incarceration term. That result would be inconsistent with the fact that, under the sentencing guidelines, imposition of a sentence of probation ordinarily indicates that the offense, or the circumstance in which it was committed, is of lesser magnitude than an offense for which an incarceration term is imposed. We conclude that the legislature would not have intended that result. Accordingly, to the extent that the trial court in this case based its denial of defendant's motion for a set-aside on defendant's failure to fully comply with and perform his probation sentence as provided in ORS 137.225(1)(a), that was error.

As we have noted, at trial, the state argued that defendant was ineligible for a set-aside on the sole ground that he did not successfully complete probation as ostensibly required by ORS 137.225(1)(a). On appeal, the state does not argue that defendant did not fully comply with and perform his six-month jail sentence for the purpose of ORS 137.225(1)(a). It argues, however, that the trial court properly can consider defendant's probation violation and the subsequent revocation of his probation under ORS 137.225(3), pertaining to the person's "circumstances and behavior." According to defendant, even assuming that the trial court can consider those matters under subsection (3), his behavior and circumstances have been such as to warrant relief.

Defendant's eligibility for relief under subsection (3) of ORS 137.225 is a matter for the trial court to consider in the first instance. *See Langan*, 301 Or at 8-10 (describing

trial court's inquiry under subsection (3)). We therefore reverse and remand to the trial court for that purpose.

Reversed and remanded.