Argued and submitted January 19, affirmed September 22, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
MICHAELA ODENA SYLVA,
*Defendant-Appellant.*

Marion County Circuit Court
05C48355; A172225

500 P3d 49

Defendant appeals an order denying her motion to set aside a conviction for first-degree criminal mistreatment, ORS 163.205. The trial court determined that under ORS 137.225(6)(b), defendant's conviction was not eligible for set aside, because it constituted "child abuse" as defined in ORS 419B.005. On appeal, defendant contends that the trial court erred when it denied her motion, because under ORS 137.225, the court was required to examine only the face of the charging instrument, plea petition, and judgment of conviction, and nothing in those documents shows her conviction constituted child abuse. *Held*: The Court of Appeals concluded that ORS 137.225 authorizes a trial court to examine the information it deems proper in determining whether a defendant's conviction is eligible for set aside under that statute. The court further concluded that the information provided in defendant's indictment, plea, and judgment of conviction was insufficient to show that defendant's first-degree criminal mistreatment conviction was eligible for set aside.

Affirmed.

Janet A. Klapstein, Judge pro tempore.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

Defendant appeals an order denying her motion to set aside her conviction for first-degree criminal mistreatment. The trial court denied defendant's motion based on a determination that defendant's conviction was not eligible for set aside under ORS 137.225(6)(b), which precludes setting aside a conviction for first-degree criminal mistreatment "when the offense constitutes child abuse as defined in ORS 419B.005."

On appeal, defendant contends that the trial court erred when it denied her motion, because under ORS 137.225, the trial court was required to examine only "the face of the charging instrument, plea petition, and judgment," and "neither the charge, her plea petition, or the judgment indicated that [defendant's] offense constituted 'child abuse as defined in ORS 419B.005.'"

We disagree with defendant's contention, and we conclude that, under ORS 137.225(6)(b), a trial court is authorized to examine the information it deems proper in order to determine whether a conviction is eligible for set aside. We further conclude that the information relied upon by defendant in the trial court is insufficient to meet her burden of showing that her first-degree criminal mistreatment conviction is eligible for set aside. Accordingly, we affirm.

"The proper meaning and application of ORS 137.225 is a matter of statutory interpretation," and we "review for legal error a trial court's determination of whether a movant is entitled to have his or her conviction set aside under ORS 137.225." *State v. Kindred*, 314 Or App 280, 283, 499 P3d 835 (2021).

## I. FACTS

The pertinent facts are undisputed. In 2005, defendant was indicted for, among other offenses, first-degree criminal mistreatment, ORS 163.205. The indictment alleged, in relevant part, that defendant, "having assumed the care, custody, and responsibility for the supervision of [AW], did unlawfully and knowingly withhold necessary and adequate care from [AW]." Defendant subsequently entered

a guilty plea on that count, admitting that she "knowingly withheld necessary and adequate care for [AW] after having assumed the care, custody, and responsibility for him." Subsequently, in 2006, the trial court entered a judgment reflecting defendant's conviction for first-degree criminal mistreatment.

In June 2018, defendant filed a motion under ORS 137.225 to set aside her conviction for first-degree criminal mistreatment. At a subsequent hearing, the state opposed that motion, asserting that defendant's conviction for first-degree criminal mistreatment "fit the definition of child abuse" provided in ORS 419B.005(1)(a)(F) and was, therefore, "precluded from being set aside" under ORS 137.225 (6)(b).

Throughout that same hearing, the trial court repeatedly invited defendant to make some additional offer of proof to show "why this [conviction] is or is not subject to expunction,"[1] but defendant made no such offer.

Ultimately, the trial court denied the motion to set aside, ruling that defendant's conviction was not eligible for set aside. In so ruling, the court explained, in part:

"The court has considered the submissions of both parties and denies the request for expunction of defendant's 2006 conviction for Criminal Mistreatment I for the following reasons.

"[T]he applicable section of the expunction statute (ORS 137.225(6)(b)) precludes a court from setting aside a conviction for the offense of Criminal Mistreatment I under ORS 163.205 (2005), and expressly incorporates the definition of child 'abuse' within ORS 419B.005(1)(a)(F). The latter statute defines child 'abuse' as 'including but not limited to the failure to provide adequate food, clothing, shelter, or

---

[1] We observe, as has the Supreme Court, that "[t]he word 'expungement' is a misnomer," because ORS 137.225 "does not call for *expunging* anything from the record of conviction but for *sealing* the record." *State v. Langan*, 301 Or 1, 4 n 3, 718 P2d 719 (1986) (emphases added); *see also* ORS 137.225(3) (providing that, once a conviction is set aside, "the applicant for purposes of the law shall be deemed not to have been previously convicted, or arrested, cited or charged as the case may be, and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest, citation or charge whether or not the arrest, citation or charge resulted in a further criminal proceeding").

medical care' to a child, in a manner 'likely to endanger the health or welfare' of that child. \*\*\*.

"In this case, the state alleged that the defendant withheld 'necessary and adequate physical care' of the child and did so knowingly. The conduct alleged falls within the prohibition."

As noted above, defendant argues on appeal that the trial court erred when it determined that her conviction was not eligible for set aside, because that determination required the trial court to examine only "the face of the charging instrument, plea petition, and judgment," and "the indictment, plea, and judgment said nothing about 'child abuse as defined in ORS 419B.005.'" The state responds that the court did not err, because "defendant admitted that she knowingly 'withheld necessary and adequate care' from the victim, [which] falls within the definition of child abuse in ORS 419B.005(1)(a)(F)," and that "the trial court expressed a willingness to consider evidence that defendant's conduct in 'withholding necessary and adequate physical care' did *not* constitute child abuse \*\*\* [but] Defendant did not offer that evidence."

## II.   ANALYSIS

Under ORS 137.225(1)(a), "any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section" may apply by motion to have their conviction set aside. Subsection (5) lists the general categories of convictions subject to set aside (*e.g.*, Class B or C felonies, misdemeanors, violations of local ordinance). Subsection (6), however, lists several specific offenses that *cannot* be set aside, including "[c]riminal mistreatment in the first degree under ORS 163.205 \*\*\* when the offense constitutes child abuse as defined in ORS 419B.005."

"A defendant is the movant in seeking to have his conviction set aside under ORS 137.225, and it is his burden to show that he meets the criteria of that statute." *State v. Langan*, 301 Or 1, 5, 718 P2d 719 (1986) ("The applicant has the burden to prove by a preponderance of the evidence any disputed affirmative fact required by the statute."). That burden includes showing that "the crime for which

defendant was convicted is one which can be set aside under the statute." *State v. Bomar*, 79 Or App 451, 454-55, 719 P2d 76 (1986) (citing ORS 137.225 and *State v. Green*, 29 Or App 337, 339-40, 563 P2d 756 (1977)). Consequently, defendant in this case had the burden to show that her conviction for first-degree criminal mistreatment can be set aside under ORS 137.225—*i.e.*, that her conviction for first-degree criminal mistreatment did not constitute "child abuse as defined in ORS 419B.005."

Thus, this case raises two questions: First, what information may a court examine in determining whether a defendant's conviction for first-degree criminal mistreatment constitutes child abuse and, thus, would be ineligible for set aside under ORS 137.225(6)(b); and second, whether the information relied upon by defendant was sufficient to show that her conviction for first-degree criminal mistreatment was eligible for set aside.

A.   *What information may courts examine?*

Regarding the first question, defendant's position is that courts may examine only the charging instrument, plea agreement, and judgment of conviction. We disagree. Instead, for the reasons explained below, we conclude that ORS 137.225 authorizes a trial court to examine the information it deems proper in order to determine whether a defendant's conviction is eligible for set aside under that statute.

To answer the first question in this case—*i.e.*, what information may a court examine in determining whether a conviction is ineligible for set aside under ORS 137.225 (6)(b)—requires us to interpret that statute. In so doing, our goal is to discern the meaning most likely intended by the legislature, based on analysis of the statute's text, context, legislative history, and if necessary, relevant maxims of statutory construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The text of ORS 137.225(6)(b) does not really assist us in answering the first question. That text provides, in relevant part, that the rules authorizing courts to set aside convictions "do not apply to a conviction for: * * * (b) Criminal

mistreatment in the first degree under ORS 163.205 if the victim at the time of the crime was 65 years of age or older, or when the offense constitutes child abuse as defined in ORS 419B.005."

More helpful, however, is the context of ORS 137.225(6)(b), which "includes other provisions of the same statute." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). In particular, ORS 137.225(3) provides, in part, "Upon hearing the motion [to set aside], the court may require the filing of such affidavits *and may require the taking of such proofs as the court deems proper*." (Emphasis added.). That context, though not conclusive, evinces a legislative intent that courts may examine a range of materials or information in determining whether a defendant's conviction is eligible for set aside—*viz.*, the information that the court "deems proper."

That intent is further supported by the relevant legislative history. The legislature first enacted ORS 137.225 in 1971 as House Bill (HB) 1802. *See* Or Laws 1971, ch 434, § 2. The original draft version of HB 1802 was replaced with a draft bill proposed by then-Multnomah County Circuit Judge Richard Unis, which substantially formed the basis for the enacted version of HB 1802. *See* Exhibit B, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971 (bill proposed by Judge Unis); *see also Langan*, 301 Or at 7 (explaining the same).[2] Judge Unis testified before the legislative committees working on the subject that, under the procedure envisioned in the draft bill regarding motions to set aside, "there should be a hearing, and evidence should be required," and "the court should be permitted to require *whatever information* and filing of affidavits, and require the taking of proofs, as it deems proper" in determining whether to set aside a conviction. Testimony, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971 (statement of Judge Richard Unis) (emphasis

---

[2] The 1971 legislature had before it two separate bills relating to the set aside of a criminal conviction—SB 362 (1971) and HB 1802 (1971). The former bill was tabled, and the latter bill was substituted with a version of the bill proposed by Judge Unis. *See* Minutes, House Committee on the Judiciary, Apr 2, 1971, 2; *see also State v. Branam*, 220 Or App 255, 262-63, 185 P3d 557, *rev den*, 345 Or 301 (2008) (explaining bill histories).

added). He further explained that the bill would authorize courts to consider "any information furnished to [it] by the state" and to "require the filing of affidavits and require the taking of such proofs as deemed proper[, which] gets into the area of discretion—again, why we feel there should be discretion." Testimony, House Committee on Judiciary, HB 1802, Mar 23, 1971 (statement of Judge Richard Unis). That history is consistent with a legislative intent to allow a court broad discretion in requiring and examining the information the court deems proper in order to determine whether a defendant's conviction is eligible for set aside under ORS 137.225.

To the extent that the legislature's intent remains unclear, two related maxims of construction are helpful: First, "we are to construe the language of a statute in a manner that is consistent with its purpose; in conducting that inquiry, we are guided by what the legislature or the courts have identified as the broader purpose of the statute"; and second, "we attempt to discern what the legislature would have intended had it considered the particular problem presented." *State v. Branam*, 220 Or App 255, 263, 185 P3d 557, *rev den*, 345 Or 301 (2008).

Applying those two maxims of construction in this case, as this court previously noted in *State v. Burke*, 109 Or App 7, 818 P2d 511, *rev den*, 312 Or 589 (1992), the provisions now codified at ORS 137.225(6)(b) were originally inserted by the 1989 legislature in order "to exempt convictions for various crimes involving children" from being eligible for set aside. 109 Or App at 9 (citing Or Laws 1989, ch 774, § 1). In a concurring opinion, Judge Edmonds clarified that those exemptions were proposed in a bill sponsored by the Oregon Department of Justice (ODOJ), and he quoted the testimony of an ODOJ representative who explained the bill's purpose:

"The purpose of the bill is to guarantee that a criminal record of child abuse will be available to programs or individuals responsible for caring for children. Presently, a juvenile or adult convicted of sexual molestation or criminally mistreating a two-year-old, could have his record expunged. There would be no record of a conviction for such a crime. If that individual later applied to be a day care provider, foster parent, Fairview aide, nursing attendant,

teacher's aide, Boy Scout leader, or YMCA counselor, there would be no available record showing that he had been convicted of a child abuse offense. The program would not be aware that a conviction for sexual molestation or criminal mistreatment had occurred. That individual could be employed or licensed to care for young children."

*Burke*, 109 Or App at 16-17 (Edmonds, J., concurring) (quoting Exhibit 5, Senate Committee on Judiciary, SB 404, Apr 24, 1989, 1 (testimony of Deborah Wilson, Assistant Attorney General in charge of the Family Enforcement Section)).

In light of that purpose, we conclude that, had the legislature considered the specific question at issue—*i.e.*, whether courts are limited to examining only charging instruments, plea agreements, and judgments of conviction in determining whether a conviction is eligible for set aside—it would have indicated that courts may examine the information they deem proper in order to make that eligibility determination; that is, for the purpose of determining whether a defendant's conviction is eligible for set aside under ORS 137.225(6)(b), the legislature would not have intended courts to limit their examination to only charging instruments, pleas, or judgments of conviction. To conclude otherwise would be contrary to the legislature's broader purpose, noted above, of guaranteeing that relevant records are available. And thus, we conclude that the text, context, legislative history, and maxims of construction relevant to ORS 137.225(6)(b) show a legislative intent to authorize courts to examine the information they deem proper—not just charging instruments, pleas, or judgments of conviction—in order to determine whether a conviction is eligible for set aside.

Having answered the first question, we now turn to addressing the second question: whether the information relied upon by defendant was sufficient to meet her burden of showing that her conviction for first-degree criminal mistreatment was eligible for set aside.

B.  *Did defendant meet her burden?*

Regarding the second question, defendant's position is that she met her burden, "because the indictment, plea petition, and judgment said nothing about 'child abuse as

defined in ORS 419B.005.'" We disagree. Instead, we conclude that the information provided in defendant's indictment, plea, and judgment of conviction is insufficient to show that defendant's first-degree criminal mistreatment conviction was eligible for set aside.

As explained above, defendant had the burden to show that her conviction for first-degree criminal mistreatment was eligible for set aside under ORS 137.225—*i.e.*, that her conviction for first-degree criminal mistreatment under ORS 163.205 did not constitute "child abuse as defined in ORS 419B.005."

Under ORS 419B.005(1)(a), "child abuse" means, among other acts:

"(F) Negligent treatment or maltreatment of a child, including but not limited to the *failure to provide adequate food, clothing, shelter or medical care that is likely to endanger the health or welfare of the child.*"

(Emphasis added.)

Meanwhile, under ORS 163.205(1), a person commits the crime of criminal mistreatment in the first degree if:

"(a) The person, * * * having assumed the permanent or temporary care, custody or responsibility for the supervision of another person, intentionally or knowingly *withholds necessary and adequate* food, *physical care* or medical attention from that other person * * *."

(Emphases added.) We have previously explained that, "for the purposes of ORS 163.205, a person withholds necessary and adequate physical care when the person withholds care that is *absolutely required to meet a dependent's basic safety and survival needs.*" *State v. Drown*, 245 Or App 447, 464, 263 P3d 1057, *rev den*, 351 Or 401 (2011) (emphasis added).

Here, to show that her conviction for first-degree criminal mistreatment did not constitute child abuse as defined in ORS 419B.005, defendant relied upon the information in the indictment, plea agreement, and judgment of conviction for that offense. The indictment alleged, in relevant part, that defendant, "having assumed the care,

custody, and responsibility for the supervision of [AW], did unlawfully and knowingly withhold necessary and adequate care from [AW]." Likewise, defendant admitted in her plea agreement that she "knowingly withheld necessary and adequate care for [AW] after having assumed the care, custody, and responsibility for him."

Although those documents do not explicitly recite that defendant's "offense constitutes child abuse as defined in ORS 419B.005," we think that the information contained therein is nevertheless insufficient to show that her conviction for first-degree criminal mistreatment was, in fact, eligible for set aside under ORS 137.225. Nothing in those documents shows, for example, that defendant's crime did not involve a minor dependent and, thus, categorically could not constitute child abuse. And though defendant could have offered—as the trial court repeatedly invited her to do—some additional information to show "why this [conviction] is or is not subject to expunction," defendant chose not to do so.[3] Moreover, some of the information defendant relied on in the trial court undermines her contention that her first-degree criminal mistreatment conviction was eligible for set aside. Specifically, defendant's plea admitted that she "knowingly withheld necessary and adequate care for [AW] after having assumed the care, custody, and responsibility for him." The significance of that admission is particularly evident when comparing this court's explication of the phrase "withholds necessary and adequate *** physical care" in ORS 163.205 (*i.e.*, withholding "care that is absolutely required to meet a dependent's basic safety and survival needs") to the relevant definition of "child abuse" in ORS 419B.005(1)(a)(F) (*i.e.*, "failure to provide adequate food, clothing, shelter or medical care that is likely to endanger the health or welfare

_____

[3] Neither defendant's indictment, plea, nor judgment of conviction state the age of the victim, and, on appeal, defendant suggests that the victim may not have been a minor child. (Though, at oral argument, defendant acknowledged that she did not argue to the trial court that the child was not a minor child.) It is the absence of information concerning the victim's age in the indictment, plea, and judgment (as well as the rest of the record) that is the difficulty facing defendant in this case: Absent evidence of the victim's age, defendant cannot show that her conviction did not involve a minor child and, therefore, categorically could not "constitute[ ] child abuse as defined in ORS 419B.005" and, thus, is one that is eligible for set aside under ORS 137.225. Further, absent evidence of the victim's age, we cannot credit a suggestion that the victim was not a minor child.

of the child"): We think it follows, as a matter of logic, that withholding care that is "*absolutely required*" for a child's "*basic safety and survival needs,*" *Drown*, 245 Or App at 464 (emphases added), amounts to a failure to provide care that is "*likely to endanger the health or welfare of the child,*" ORS 419B.005(1)(a)(F) (emphasis added); put simply, withholding care that is absolutely required for a child's basic survival necessarily means likely endangering that child's health or welfare.

In light of the foregoing, we conclude that defendant did not satisfy her burden to show that her conviction was eligible for set aside; therefore, the trial court did not err in denying her motion.

### III.   CONCLUSION

Defendant had the burden to show that her conviction was eligible for set aside. To determine whether a conviction is eligible for set aside, courts may examine the information they deem proper. Here, defendant relied exclusively on her indictment, plea, and judgment of conviction, but the information in those documents is insufficient to show that her conviction is eligible for set aside. We therefore conclude that the trial court did not err in denying defendant's motion to set aside her conviction; accordingly, we affirm.

Affirmed.